UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| MARIA LUISA PADILLA | § | |
| | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 7:16-cv-00157 |
| | § | |
| | § | |
| FAMILY DOLLAR STORES | § | |
| OF TEXAS, LLC ("FAMILY DOLLAR") | § | |

<u>PLAINTIFF'S FIRST AMENDED ORIGINAL COMPLAINT</u>

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES MARIA LUISA PADILLA, hereinafter referred to as Plaintiff, and files this, her Original Petition against FAMILY DOLLAR STORES OF TEXAS, LLC ("FAMILY DOLLAR"), hereinafter referred to as Defendant, and for cause of action will show the Court the following:

<u>PARTIES</u>

1.    Plaintiff Maria Luisa Padilla is an individual who resides in Edinburg, Hidalgo County, Texas.

2.    Defendant Family Dollar Stores of Texas, LLC ("Family Dollar"), is a corporation that has been served with process and filed an answer in this case.

<u>CLAIM FOR RELIEF</u>

3.    Plaintiff is seeking monetary relief from Defendant in an amount that is over $200,000.00, but not more than $1,000,000.00 (more than $75,000.00).

<u>VENUE AND JURISDICTION</u>

4.     The incident described hereinbelow occurred in Edinburg, Hidalgo County, Texas. Plaintiff filed her original petition in the 332nd District Court in Edinburg, Hidalgo County, Texas. Defendant removed this case to the United States District Court, Southern District of Texas, McAllen Division based on diversity of citizenship between Plaintiff and Defendant. Plaintiff and Defendant are citizens of different states. The matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. Venue for this cause of action is proper in McAllen, Hidalgo County, Texas. This Court has jurisdiction of this cause of action.

<u>FACTS</u>

5.     On September 28, 2015, at approximately 11:30 a.m., Plaintiff went shopping at Defendant's Family Dollar store located at 3110 East FM 2812 in Edinburg, Hidalgo County, Texas. After Plaintiff shopped inside the store, she exited the store and walked toward her car that was parked in the Family Dollar parking lot. As Plaintiff was walking in the parking lot, she tripped, fell to the ground, and suffered injuries and damages. The surface of the parking lot was made of concrete. Thick gray bolts were positioned in the surface of the parking lot.  Portions of the bolts were sticking up vertically above the surface of the parking lot, creating a tripping hazard. The bolts caused Plaintiff to trip and fall. The bolts had been fastened to the base of a handicap sign in the parking lot. A

customer had driven his car into the sign, damaging it. Defendant's employees removed the sign from the bolts, but left the bolts in the the parking lot as described above. Defendant did this days, months, and/or years before Plaintiff tripped on the bolts and fell.  The bolts were the color of the surface of the parking lot, which made them difficult for Plaintiff to see. Grass and debris on the parking lot covered the bolts, further making the bolts difficult for Plaintiff to see. Defendant created the dangerous condition on its parking lot premises that caused Plaintiff to trip and fall. Defendant removed the sign from the bolts and left the bolts exposed in the parking lot, as described above. Knowledge of the dangerous condition is therefore imputed on Defendant. Defendant should have cut and/or removed the bolts from the parking lot premises, but failed to do so.

CAUSE OF ACTION BASED ON<br>PREMISES LIABILITY LAW AND PROXIMATE CAUSE

6.    At all time material to the incident described hereinabove and this case, Defendant was negligent under premises liability law in that: A. Plaintiff was a business invitee; B. Defendant owned, possessed, and/or controlled the premises where the incident described hereinabove occurred; C. a condition on the premises, the bolts in the parking lot posed an unreasonable risk of harm, as described above; D. Defendant knew or reasonably should have known of the danger posed by the condition; and E. Defendant breached its duty of ordinary care by both failing to adequately warn Plaintiff of the condition and failing to

4

make the condition reasonably safe. This negligence by Defendant was the sole proximate cause or a proximate cause of the incident described hereinabove and of the injuries and damages suffered by Plaintiff, as set out hereinbelow.

DAMAGES

7.     As a proximate cause of the negligence of Defendant in causing the incident described hereinabove, Plaintiff suffered injuries, suffered physical pain and mental anguish in the past, will suffer physical pain and mental anguish in the future, suffered physical impairment in the past, will suffer physical impairment in the future, suffered physical disfigurement in the past, will suffer physical disfigurement in the future, incurred medical expenses in the past, and will incur medical expenses in the future. Plaintiff is seeking monetary relief from Defendant in an amount that is over $200,000.00, but not more than $1,000,000.00, as compensation for her damages.

VICARIOUS LIABILITY

8.     At all time material to the incident described hereinabove and this case, Defendant's employees and/or agents acted within the course, scope, and authority of their employment and/or agency relationship with Defendant. Defendant should therefore be held vicariously liable to Plaintiff for all of Plaintiff's damages alleged herein.

PREJUDGMENT AND POSTJUDGMENT INTEREST

9.     Plaintiff further sues Defendant herein for prejudgment interest at the maximum rate allowed by law on those damages where such interest may be assessed and for postjudgment interest at the maximum rate allowed by law on

all of Plaintiff's damages from the date of judgment until the judgment is paid in full.

<u>REQUEST FOR JURY AND JURY FEE</u>

10.    Plaintiff requests that the above-styled and numbered cause be tried to a jury and represents to the Court that the proper jury fee has been paid to the Clerk of this Court with the filing of Plaintiff's Original Petition.

<u>PRAYER</u>

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon final hearing, she have judgment against Defendant for all of her damages hereinabove alleged, for prejudgment and postjudgment interest, and for any and all other relief, both general and special, in law and in equity, and for all costs of Court in her behalf expended.

Respectfully submitted by:

_/s/_____

**Michael J. Cisneros,** Attorney-in-charge
State Bar No.: 00793509
Southern District Bar No.: 19522
**Arturo Cisneros,** Attorney
State Bar No.: 00789224
Southern District Bar No.: 19521
The Cisneros Law Firm L.L.P.
312 Lindberg Avenue
McAllen, Texas 78501
Telephone:  (956) 682-1883
Facsimile:   (956) 682-0132
Email:  email@cisneroslawfirm.com

<u>CERTIFICATE OF SERVICE</u>

I, Michael J. Cisneros, hereby certify that on this <u>8th</u> day of April, 2016, a true and correct copy of Plaintiff's First Amended Original Complaint was sent to counsel for Defendant via electronic mail.


_/ s /_____
MICHAEL J. CISNEROS