UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| MARIA LUISA PADILLA | § § § | |
| VS. | § § § § | CIVIL ACTION NO. 7:16-cv-00157 |
| FAMILY DOLLAR STORES OF TEXAS, LLC ("FAMILY DOLLAR") AND HUTTONCO DEVELOPMENT, L.P. | § § § § | |

<u>PLAINTIFF'S SECOND AMENDED ORIGINAL COMPLAINT</u>

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES MARIA LUISA PADILLA, hereinafter referred to as Plaintiff, and files this, her Second Amended Original Complaint against FAMILY DOLLAR STORES OF TEXAS, LLC and HUTTONCO DEVELOPMENT, L.P., hereinafter referred to as Defendants, and for cause of action will show the Court the following:

<u>PARTIES</u>

1. Plaintiff Maria Luisa Padilla is an individual who resides in Edinburg, Hidalgo County, Texas.

2. Defendant Family Dollar Stores of Texas, LLC ("Family Dollar"), is a corporation that has been served with process and filed an answer in this case.

3. Defendant Huttonco Development, L.P. ("Huttonco"), is a Texas limited partnership that may be served with process by serving its registered

2

agent National Registered Agent, Inc., at 1999 Bryan St., Ste. 900, Dallas, Texas 75201-3136.

## CLAIM FOR RELIEF

4.     Plaintiff is seeking monetary relief from Defendants in an amount that is over $200,000.00, but not more than $1,000,000.00.

## JURISDICTION AND VENUE

5.     The incident described hereinbelow occurred in Edinburg, Hidalgo County, Texas. Plaintiff filed her original petition in the 332nd District Court in Edinburg, Hidalgo County, Texas. Family Dollar removed this case to the United States District Court, Southern District of Texas, McAllen Division based on diversity of citizenship between Plaintiff and Family Dollar. Plaintiff now amends her complaint to include Huttonco as a new Defendant. Plaintiff and Huttonco are from Texas and Family Dollar is from North Carolina. There is not complete diversity among the parties. The matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. The Court does not have jurisdiction for this cause of action.

6. The incident giving rise to Plaintiff's claim and cause of action against Defendants arose in Edinburg, Hidalgo County, Texas. Venue for this cause of action is proper in Edinburg, Hidalgo County, Texas.

## FACTS

7.     On September 28, 2015, at approximately 11:30 a.m., Plaintiff went shopping at Defendant's Family Dollar store located at 3110 East FM 2812 in

Edinburg, Hidalgo County, Texas. After Plaintiff shopped inside the store, she exited the store and walked toward her car that was parked in the Family Dollar parking lot. Defendants owned, possessed, controlled, and maintained the Family Dollar parking lot premises. As Plaintiff was walking in the parking lot, she tripped, fell to the ground, and suffered injuries and damages. The surface of the parking lot was made of concrete. Thick gray bolts were positioned in the surface of the parking lot. Portions of the bolts were sticking up vertically above the surface of the parking lot, creating a tripping hazard. The bolts caused Plaintiff to trip and fall. The bolts had been fastened to the base of a handicap sign in the parking lot. A customer had driven his car into the sign, damaging it. Long before Plaintiff tripped and fell, Defendants' employees and/or agents removed the sign from the bolts, but left the bolts in the the parking lot as described above. The bolts were the same color of the surface of the parking lot, which made them difficult for Plaintiff to see. Further, grass and debris on the parking lot covered the bolts, also making the bolts difficult for Plaintiff to see. Defendants created the dangerous condition on the parking lot premises that caused Plaintiff to trip and fall. Defendants removed the sign from the bolts and left the bolts exposed in the parking lot, as described above. Knowledge of the dangerous condition that caused Plaintiff to trip and fall is therefore imputed on

Defendants. Defendants should have cut and/or removed the bolts from the surface of the parking lot, but failed to do so.

## CAUSE OF ACTION BASED ON PREMISES LIABILITY LAW AND PROXIMATE CAUSE

8.      At all time material to the incident described hereinabove and this case, Defendants were negligent under premises liability law in that: A. Plaintiff was a business invitee, B. Defendants owned, possessed, controlled, and maintained the premises where the incident described hereinabove occurred, C. A condition on the premises, the bolts in the surface of the parking lot, as described above, posed an unreasonable risk of harm, D. Defendants knew or reasonably should have known of the danger posed by the condition, and E. Defendants breached their duty of ordinary care by both failing to adequately warn Plaintiff of the condition and failing to make the condition reasonably safe. This negligence by Defendants was the sole proximate cause or a proximate cause of the incident described hereinabove and of the injuries and damages suffered by Plaintiff, as set out hereinbelow.

## DAMAGES

9.      As a proximate cause of the negligence of Defendants in causing the incident described hereinabove, Plaintiff suffered injuries, suffered physical pain and mental anguish in the past, will suffer physical pain and mental anguish in the future, suffered physical impairment in the past, will suffer physical impairment in the future, suffered physical disfigurement in the past, will suffer physical disfigurement in the future, incurred medical expenses in the past, and

will incur medical expenses in the future. Plaintiff is seeking monetary relief from Defendants in an amount that is over $200,000.00, but not more than $1,000,000.00, as compensation for her damages.

## VICARIOUS LIABILITY

10. At all time material to the incident described hereinabove and this case, Defendants' employees, agents, and/or contractors acted within the course, scope, and authority of their employment and/or agency relationship with Defendants. Defendants should therefore be held vicariously liable to Plaintiff for all of Plaintiff's damages alleged herein.

## JOINT AND SEVERAL LIABILITY

11. Plaintiff alleges that Defendants be held jointly and severally liable for all of Plaintiff's damages alleged herein.

## PREJUDGMENT AND POSTJUDGMENT INTEREST

12. Plaintiff further sues Defendants herein for prejudgment interest at the maximum rate allowed by law on those damages where such interest may be assessed and for postjudgment interest at the maximum rate allowed by law on all of Plaintiff's damages from the date of judgment until the judgment is paid in full.

## REQUEST FOR JURY AND JURY FEE

13. Plaintiff requests that the above-styled and numbered cause be tried to a jury and represents to the Court that the proper jury fee has been paid to the Clerk of this Court with the filing of Plaintiff's Original Petition.

PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon final hearing, she have judgment against Defendants for all of her damages hereinabove alleged, for prejudgment and postjudgment interest, and for any and all other relief, both general and special, in law and in equity, and for all costs of Court in her behalf expended.

Respectfully submitted by:

_/s/_____
**Michael J. Cisneros,** Attorney-in-charge
State Bar No.: 00793509
Southern District Bar No.: 19522
**Arturo Cisneros,** Attorney
State Bar No.: 00789224
Southern District Bar No.: 19521
The Cisneros Law Firm L.L.P.
312 Lindberg Avenue
McAllen, Texas 78501
Telephone:  (956) 682-1883
Facsimile:   (956) 682-0132
Email:  email@cisneroslawfirm.com

CERTIFICATE OF SERVICE

I, Michael J. Cisneros, hereby certify that on this 7th day of October, 2016, a true and correct copy of Plaintiff's Second Amended Original Complaint was sent to counsel for Defendant via electronic mail.

_/s/_____
MICHAEL J. CISNEROS